IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02961-PAB-KMT

CHARLES D. LEONE, II,

    Plaintiff,

v.

STEVEN C. OWSLEY and
DREW M. HAYWORTH,

    Defendants.

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Plaintiff Charles D. Leone, II, and Defendants Steven C. Owsley and Drew M. Hayworth (Plaintiff and Defendants shall be referred to collectively as the "parties") anticipate that discovery and trial in this action will require production of documents and testimony that contain confidential and proprietary business information, the unprotected disclosure of which might have a detrimental impact on the parties' legitimate business and personal interests.

NOW, THEREFORE, it is hereby AGREED by the parties and ORDERED by the Court as follows:

1.    Whenever a party or nonparty (a "Producing Party") discloses, or anticipates disclosing, documents or information that the party, in good faith, believes contains confidential and proprietary business or personnel information, trade secrets, or any other confidential or proprietary research, development, financial, or commercial information, that party (the "Designating Party") may designate that material as Confidential.

2.     Documents, testimony, deposition transcripts and/or videotapes, written responses to discovery, declarations, and any other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation may be designated Confidential and subject to the provisions of this Stipulated Protective Order and Confidentiality Agreement ("Protective Order").  This includes writings and recordings ascribed as such under Federal Rule of Evidence 1001(1), including, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and any other compilation from which information can be obtained or translated, if necessary, through detection devices into a reasonably usable from, and any copies thereof.

3.     A Designating Party shall designate all documents and information as Confidential by clearly stamping "Confidential" in a place or manner that is readily apparent and avoids any interference with the legibility of the material or by designating them as Confidential in correspondence from counsel to the party producing documents.  Information or data that has not been reduced to written form may be designated as Confidential by informing counsel for the parties in writing.

4.     Designation of Confidential documents and information shall be made at or prior to the time of production of the documents or information.  In the case of deposition testimony, a party claiming that information contained therein is Confidential shall advise all other counsel in writing of the specific pages of the deposition to be treated as Confidential within twenty (20) days following receipt of the transcript of the deposition.  A party may also designate certain portions of deposition testimony as Confidential during the deposition, as long as the designation is on the record.  All depositions shall be treated as Confidential for twenty (20) days after

receipt of a full and complete transcript by that party's counsel, unless the parties otherwise agree in writing.

5.  Confidential documents and information shall not lose their Confidential character simply because the documents and information are designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as Confidential.

6.  Documents and information designated Confidential shall not be disclosed to any person or entity, or otherwise made public, except in compliance with the terms of this Protective Order, unless otherwise ordered by the Court or agreed to in writing by the parties.  Documents and information designated as Confidential may be used solely for purposes of this litigation.

7.  All material designated as Confidential shall not be disclosed, directly or indirectly, to any person other than:

    (a)    the Court and necessary Court personnel;

    (b)    the parties to this action, including their officers, directors, and employees;

    (c)    counsel for the parties to this action, including counsel of record and their partners, associates, and employees, and in-house attorneys for any party to this action and employees of the in-house legal department of any party in this action;

    (d)    expert witnesses and consultants consulted with or retained in connection with this litigation;

    (e)    deponents;

    (f)    court and stenographic reporters performing necessary duties in this action;

(g) any person who authored or previously received the document or information before its designation as Confidential (excluding persons who may have received such information inadvertently); and

(h) any other person who is designated to receive Confidential information by:

(1) stipulation of the Designating Party; or

(2) order of the Court.

8. Prior to the disclosure of any Confidential material to any person or entity in accordance with paragraphs 7 and 8 above, counsel shall advise said person that the Confidential material is being disclosed pursuant to this Protective Order and may not be disclosed other than pursuant to the terms of the Protective Order. All persons to whom Confidential material is disclosed pursuant to paragraphs 7(d), (e) or (h) must sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A. The party disclosing any Confidential material shall maintain the original acknowledgment and produce it upon request by any party or the Court.

9. Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential information or a trade secret under applicable law;

(b) prejudice in any way the rights of any party to object to the production of material it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

(c) prejudice in any way the rights of a party to seek a determination from the Court regarding whether particular discovery materials should be produced; or

(d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

10. In the event that a party objects to the designation of any material as Confidential, such party may, in writing, request that the Designating Party remove the designation. Such written request must specifically identify the document, information, or pages of deposition transcript at issue. The Designating Party shall respond within ten (10) business days of receipt of the written request or other time period agreed to in writing by the parties. If the Designating Party refuses to remove the designation, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request. If the Designating Party does not respond or otherwise refuses to remove the designation, the objecting party has ten (10) business days from the date of refusal or lack of response, or other such time as the parties may agree, to file a motion for an order requiring the Designating Party to remove the designation. It shall be the burden of the Designating Party under such circumstances to establish that the document(s) or information so designated is Confidential within the meaning of this Protective Order. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection. The material should be treated as Confidential until the dispute has been resolved.

11. Material designated as Confidential may be referred to in discovery, discovery responses, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments, or at trial in this action either as exhibits or as the basis for questions. The material designated as Confidential and any brief or other documents referring to or

incorporating such shall be filed under seal in accordance with D.C.COLO.LCivR 7.2. Documents filed under seal shall remain sealed until further order of the Court.

12. Should any documents, information, or testimony designated as Confidential be disclosed, inadvertently or otherwise, to any person or party not authorized under this Protective Order, then the party responsible for the disclosure shall use its best efforts to (1) promptly retrieve the disclosed documents, information, or testimony from such unauthorized person or party; (2) promptly inform such person or party of all the provisions of this Protective Order; (3) identify such person or party immediately to all other parties; and (4) identify the Confidential information immediately to all other parties.  Nothing in this paragraph shall limit the right of the party that designated the information as Confidential to seek any appropriate sanction or remedy against the party that inadvertently or otherwise disclosed the Confidential documents, information, or testimony to a person or party not authorized by this Protective Order.

13. If material designated as Confidential in this action is called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall promptly give written notice thereof to the Designating Party and shall not produce the information until the later of (a) five (5) days after providing notice or (b) the return date of the subpoena or other process.

14. This Protective Order shall survive the final termination of this action and shall remain in effect after the conclusion of this litigation.  Within sixty (60) days of the final disposition of this action (including any appeals), and subject to further order of the Court or written stipulation of the parties, each party shall either (a) return all documents and information to the Designating Party or (b) destroy all materials that have been designated as Confidential.

This paragraph shall not be construed to require the return or destruction of any Court papers or exhibits, deposition transcripts or exhibits, regularly maintained litigation files, or other attorney work product created for any party. Any material designated as Confidential, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Protective Order.

15. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

16. In the event that additional persons become parties to this action, they shall not have access to Confidential material produced by or obtained from any party until the newly joined party or their counsel confirms in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

17. The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

(a) In the event any material is produced that the Producing Party later reasonably and in good faith claims is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the Producing Party shall inform the receiving party in writing of the asserted privilege and the factual basis therefor. The receiving party shall, within five (5) business days of receipt of such notice, return the original to the Producing Party, and after making a good faith search, destroy all known copies thereof and delete any known copy of the documents, or any portion thereof, from any word processing or database tape or disk it maintains. The receiving party also agrees to delete or destroy any additional copies of such

documents of which it might become aware in the future. The receiving party will in no manner examine the documents over which privilege is asserted after receiving notice of the asserted privilege.

(b) If during the receiving party's review of documents from the Producing Party, the receiving party discovers a document that appears on its face to be protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within two (2) business days, call the attention of the Producing Party to the document(s). If the Producing Party claims a privilege over the documents, it must give the notice required by subparagraph (a) within three (3) business days thereafter, from receipt of which subparagraph (a) will govern the receiving party's obligations.

(c) Inadvertent production of privileged, work product protected, or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection, or immunity, either as to the produced material or as to any other material or communications.

(d) Return of documents or information for which the Producing Party has asserted a claim of privilege, work product protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the information on the ground that the claimed privilege, work product protection, or immunity is invalid; provided, however, that mere production of the information in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

(e) If a document or information is identified as protected by the attorney-client privilege, work product doctrine, or other privilege in accordance with

- 8 -

subparagraphs (a) and/or (b) above, the receiving party shall not make any use of the document or its contents, including, without limitation, as part of any publicly available court filing, and shall hold it in the strictest of confidence, unless and until the Court directs the production of the document or information as provided for in subparagraph (d) above.

18.     This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all proceedings, for a period of three (3) years, to provide the Court with ancillary jurisdiction to enforce its terms.

19.     The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate or may consider upon motion of any party.

IT IS SO STIPULATED:

DATED:  January 15, 2013.

DATED at Denver, Colorado this 22nd day of January, 2013

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge


*s/ Elizabeth L. "Booka" Smith*
Randolph H. Freking
Elizabeth L. "Booka" Smith
Freking & Betz LLC
999 18th Street, Suite 3000

- 9 -

Denver, Colorado 80202
303-357-2355
Attorneys for the Plaintiff


*s/ Brett C. Painter*
Brett C. Painter
Nathalie A. Bleuzé
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
(303) 892-9400
Attorneys for Defendants

- 11 -

## **EXHIBIT A**

I, _____, have read the Stipulated Protective Order and Agreement in the action entitled *Charles D. Leone, II, v. Steven C. Owsley and Drew M. Hayworth*, Civil Action No. 12-cv-02961-PAB-KMT, United States District Court, District of Colorado, and agree to be bound by its terms.

_____     _____
Signature                                                              Date