IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02961–PAB–KMT

CHARLES D. LEONE, II,

    Plaintiff,

v.

STEVEN C. OWSLEY, and
DREW M. HAYWORTH,

    Defendants.

## ORDER

This matter is before the court on "Defendant Hayworth's Motion to Compel Discovery Responses" ("Mot.") [Doc. No. 29, filed April 22, 2013]. Plaintiff filed her brief in opposition to the motion on May 13, 2013 ("Resp.") [Doc. No. 43] and Defendant Hayworth filed a reply on May 20, 2013 [Doc. No.44 ]. The court originally set a hearing for June 6, 2013 but upon motion rescheduled the hearing for May 28, 2013. Due to an unforeseen family emergency, the court vacated the hearing and issues this written order without the need for further argument.

The Complaint alleges that after a series of events lead to Plaintiff resigning from his position as Principle and Member of Madison Street Partners ("MSP"), the Defendants engaged in bad faith efforts to force Plaintiff to sell his 19.75% interest in the hedge fund for hundreds of thousands of dollars below fair market value. (*See* Compl. [Doc. No. 25], as redacted]).

Plaintiff asserts two claims against Defendants Owsley and Hayworth.  First, he asserts that Mr. Owsley and Mr. Hayworth breached the MSP Operating Agreement by failing to act in good faith in the buyout, in violation of Article 10, Section .10(d) of the Agreement.  Second, Mr. Leone asserts that Mr. Owsley and Mr. Hayworth breached the covenant of good faith and fair dealing contained in the Operating Agreement.  (*Id*.)  Although the Complaint contains a number of factual allegations about the process leading up to Plaintiff's resignation (*see id*. ¶¶ 27–37), those paragraphs are largely irrelevant to the claims asserted except to establish context for the reason two long term friends and business partners came to this litigious parting of the ways.

Defendant Hayworth now seeks discovery aimed primarily at these irrelevant factual assertions, ostensibly to "impeach" Plaintiff's version of the deterioration of trust underlying this business dissolution.  In isolation, it is highly unlikely that either the factual assertions in the Complaint referenced *supra* or any of the so-called "impeachment" evidence would be admissible at a trial for breach of contract concerning the buyout valuation applicable to a departing member's percentage interests, especially where that calculation is governed by a written agreement.  However, where malfeasance during the business operation is alleged, as it is here, there is the possibility that Mr. Hayworth's activity pre-separation with Plaintiff might be relevant to the calculation of the value of the company; *e.g.*, was the value of Plaintiff's 19.75 % interest in MSP damaged by the alleged activities of Mr. Hayworth, thereby improperly influencing the good faith buyout amount which should have been offered.

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). Within this framework, the court may limit discovery upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court may, among other actions, forbid the disclosure or discovery, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

The court applies these basic principles as follows:

<u>Interrogatory No. 2 and Request for Production of Documents ("RFP") No. 14</u>. These discovery requests seek information regarding Plaintiff's work history, including work performed since Plaintiff resigned from MSP. The court can envision no possible scenario where this information could be relevant even under the broadest possible interpretation of the discovery rules. While Mr. Hayworth's actions at MSP prior to Plaintiff's departure might be relevant to the valuation of the company for buyout calculations, Plaintiff's *perception* of wrongdoing by Mr. Hayworth is completely irrelevant. Whether Plaintiff correctly interpreted the actions of Mr. Hayworth and Mr. Owsley based upon his past experience is not relevant.

3

Further, whether or not Plaintiff was pursuing other employment opportunities during his last few months of work at MSP is also irrelevant, except to the extent that his absence may have affected the value of MSP for buyout valuation purposes. Why Plaintiff was absent or what he was doing at the time is irrelevant. What is important is that Plaintiff decided to leave, thus triggering the buyout provisions of the Agreement. Whether the departure was amicable or hostile has no bearing on the valuation of MSP and the good faith value of Plaintiff's 19.75% interest. Therefore, the Motion is denied as to Interrogatory No. 2 and RFP 14.

Interrogatory No. 3 and RFP No. 15. These discovery requests seek information regarding Plaintiff's ownership in any business other than MSP. The court sees absolutely no relevance to this request at all. The Motion is denied as to Interrogatory No. 3 and RFP 15.

RFP Nos. 11 and 12. These requests seek Plaintiff's tax returns since 2007 and releases for obtaining tax documents. Interrogatory No. 12 states, "[w]ith regard to the tax release form, please produce a copy of your driver's license and Social Security card. On the Request for Copy or Transcript of Tax Forms, please complete sections: 1a, lb, 2a, 2b, 3, 4, and sign and date the bottom. Include your spouse's signature if applicable." Both of these requests are wholly irrelevant and clearly intended to annoy and embarrass the Plaintiff in violation of the discovery rules. The requests do not bear in any way on the good faith valuation of MSP and wether the amount tendered for buyout was made in good faith. Therefore, the Motion is denied with respect to RFP Nos. 11 and 12.

Interrogatories Nos. 5, 7, and 8. These interrogatories seek information regarding Plaintiff's communications about his resignation from MSP, his communications with current and former employees of MSP, and communications regarding Defendants' management of MSP. Plaintiff does not contest the relevancy of Interrogatories Nos. 5 and 7 and states that he has fully complied. (Resp. at 7.) Defendant claims that Plaintiff "has provided excerpts of emails he exchanged with various individuals, including Rob Shields, Barry Eisen, Matt Daniel, and Marshall Auerback" but that the emails are incomplete and appear to be cut and pasted from the original emails.[1] (Mot. at 6.)

When confronted during the conferral process with Defendants' request that Plaintiff produce unredacted and complete email communications as noted above, Plaintiff's counsel responded

> Regarding your requests relating to Interrogatories Nos. 5, 7 and 8, neither Plaintiff nor his counsel redacted any information from the e-mails. To the extent the printer headings show "Page 1 of 2" and then only include one page, it is unclear to me why two pages are indicated, however, I will represent that relevant responsive information was not withheld. Please note that the Scheduling Order specifically provides that e-mails will be produced in pdf format, which Plaintiff complied with.

(Mot., Ex. D [Doc. No. 29-4] at 2-3.) This response is unacceptable. The Motion is therefore granted with respect to the partial email responses which were produced in response to the

---

[1] The Motion complains of certain document production in connection with *interrogatories*, not to a request for production of documents. Defendant Hayworth has requested documents in connection with the Interrogatories which are not separately numbered. As Plaintiff has not objected to including these extra documents requests, the court will consider them as RFPs. (*See* Doc. No. 29-1.)

request for production of documents attached to Interrogatories 5 and 7.  Plaintiff will produce the full and complete emails to Defendant on or before June 7, 2013.  To the extent Plaintiff does not or cannot produce the complete emails, the court will consider a recommendation that the partial emails be disallowed into evidence as a sanction for spoliation upon appropriate motion.

Interrogatory No. 8 states,

> Please describe in detail each and every communication you have had concerning Defendants' management of MSP.  Please include in your answer, without limitation, the identity of the individuals with whom you communicated, the dates of those communications, a description of the substance of communications, the identity of the witnesses to those communications, and any documents relating or referring to those communications.

This interrogatory is not limited in time nor is it limited to the subject matter of the allegations in the Complaint.  Further it calls for production of privileged material.  Nevertheless, subject to objections, Plaintiff attempted to respond.  The court finds this interrogatory to be vastly overbroad and incapable of garnering a full response as it is currently written since the Plaintiff worked at MSP and no doubt had thousands of conversations about management of the business in general.  The Motion is therefore denied with respect to Interrogatory No. 8.

RFP Nos. 8 and 10:  These requests seek documents upon which Plaintiff relies concerning the valuation of his interest in MSP (RFP 8) and documents exchanged among Plaintiff, counsel, and any expert witness (RFP 10).  The attorney-client privilege can extend to communications between representatives of the client or between the client and a representative of the client, if the communication was made in confidence for the primary purpose of obtaining legal advice.  *Austin v. Denver ex rel. Board of Water Com'rs,* 05-cv-01313-PSF-CBS, 2006 WL

1409543, at *4–5 (D. Colo. May 19, 2006).  The "*sine qua non* for invocation of the privilege is that the communications in question were intended to be confidential." *Gottlieb v. Wiles*, 143 F.R.D. 241, 249 (D. Colo. 1992) (citing *United States v. Rockwell Intern.*, 897 F.2d 1255, 1265 (3d Cir. 1990)); *Bethel v. U.S. ex rel Veterans Admin. Medical Center*, 55-cv-01336-PSF-KLM, 2008 WL 45382, at *7–8 (D. Colo. Jan. 2, 2008).  The presence of a third party will not destroy the attorney-client privilege if the third party is the attorney's or client's agent or possesses commonality of interest with the client.  *See, e.g., Weatherford v. Bursey*, 429 U.S. 545, 554 (1977) (finding that attorney-client communications in the presence of a third party not the agent of either are generally not protected by privilege); *Bethel,* 2008 WL 45382, at *7–8.  Courts applying the rationale of the *Upjohn* and *Bieter* cases to third party communications with an attorney have held that confidential communications between a party's counsel and a non-testifying expert or consultant, hired in anticipation of litigation, are protected by the attorney-client privilege.  *See Western Resources v. Union Pacific Railroad Co.*, 00-20430CM, 2002 WL 181494, at *7 (D. Kan. Jan. 31, 2002); *Fru-Con Const. Corp. v. Sacramento Mun. Utility Dist.*, S-05-0583 LKK GGH, 2006 WL 2255538 (E.D. Cal. Aug. 7, 2006); *In re Grand Jury Subpoena Dated March 9, 2001,* 179 F. Supp. 2d 270, 283 (S.D.N.Y. 2001).

     Defendants are not entitled to communications between Plaintiff and his counsel and experts hired for the purposes of litigation.  Therefore, the Motion is denied with respect to RFP 10.  Further, Plaintiff is not required to provide a privilege log for communications with his lawyer and experts during the course of this litigation.  To the extent Plaintiff possesses documents responsive to RFP 8 which were not prepared in anticipation of litigation and which

are not otherwise privileged, those documents, if any, shall be produced on or before June 7, 2013.

It is therefore **ORDERED**

"Defendant Hayworth's Motion to Compel Discovery Responses" [Doc. No. 29] is GRANTED in part and **DENIED** in part as set forth more fully herein.

Dated this 29th day of May, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge